# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER M. CUMMINGS, | ) | |
| | ) | |
| Claimant, | ) | No. 14 CV 10180 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Jennifer M. Cummings ("Claimant") seeks review of the final decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's applications for disability insurance benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 5.]

Pursuant to Federal Rule of Civil Procedure 56, the parties cross-moved for summary judgment. [ECF No. 14; ECF No. 21.] For the reasons stated below, Claimant's motion for summary judgment is granted and the Commissioner's is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

Claimant filed an application for disability insurance benefits on January 18, 2011, alleging a disability onset date of December 3, 2010. (R. 135.) After an initial denial and a denial on reconsideration, Claimant filed a request for an administrative hearing. (R. 81–82, 93–

94.) Claimant, who was unrepresented at her hearing, appeared and testified before an Administrative Law Judge (the "ALJ") on May 16, 2012. (R. 39–71.) A vocational expert also testified. (R. 39, 71–79.)

On June 13, 2012, the ALJ issued a written decision denying Claimant's application for benefits based on a finding that she was not disabled under the Social Security Act. (R. 24–38.) The opinion followed the five-step sequential evaluation process required by Social Security Regulations. 20 C.F.R. § 404.1520. As an initial matter, the ALJ noted that Claimant met the insured status requirements of the Social Security Act through December 31, 2014. (R. 29.) At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since her alleged onset date of December 3, 2010. (*Id.*) At step two, the ALJ found that Claimant had the severe impairments of degenerative disc disease, headaches, fibromyalgia, plantar fasciitis, obesity, and a history of colitis. (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (20 C.F.R. §404.1520.) (*Id.*)

Before step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform sedentary work with the following restrictions: she could never climb ladders, ropes, or scaffolding; she could only occasionally perform overhead reaching; and she could have only occasional exposure to noise, vibration, and hazards such as machinery or unprotected heights. (R. 30.) Based on this RFC, the ALJ determined at step four that Claimant could perform her past relevant work of optometric assistant. (R. 33.) As an alternate finding, at step five, the ALJ found that Claimant was able to perform other work existing in the national economy, including the jobs of surveillance system monitor, charge account clerk, and telephone

quotation clerk. (R. 33–34.) Because of this determination, the ALJ found that Claimant was

not disabled under the Social Security Act. (R. 34.) The Social Security Appeals Council

subsequently denied Claimant's request for review, and the ALJ's decision became the final

decision of the Commissioner. (R. 18–20.) *See Nelms v. Astrue,* 553 F.3d 1093, 1097 (7th Cir.

2009). Claimant now seeks review in this Court pursuant to 42 U.S.C. § 405(g). *See Haynes v.*

*Barnhart,* 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council

denies a request for review. *Sims v. Apfel,* 530 U.S. 103, 106-107 (2000). Under such

circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited

to determining whether the decision is supported by substantial evidence in the record and

whether the ALJ applied the correct legal standards in reaching her decision. *Nelms v. Astrue,*

553 F.3d at 1097.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A "mere

scintilla" of evidence is not enough. *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002). Even

when there is adequate evidence in the record to support the decision, however, the findings will

not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the

conclusion." *Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's

decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano*

*v. Astrue,* 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is

3

deferential, a reviewing court must "conduct a critical review of the evidence" before affirming

the Commissioner's decision. *Eichstadt v. Astrue,* 534 F.3d 663, 665 (7th Cir. 2008). It may

not, however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v.*

*Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining

whether the ALJ applied the correct legal standards and whether there is substantial evidence to

support the findings. *Nelms v. Astrue,* 553 F.3d at 1097. The reviewing court may enter a

judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or

without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### III. DISCUSSION

Claimant asserts that at least seven distinct errors mar the ALJ's analysis, mandating

remand. Among the errors she cites are the ALJ's omission of any assessment of her treating

chiropractor's opinions and the ALJ's failure to adequately assess the functional impact of her

headaches. Because these issues mandate remand, the Court will not address Claimant's other

arguments in full at this time.

A.     **The ALJ Erred in Omitting Reference to the Opinions of Claimant's**
       **Chiropractor**

Claimant was forty-one years old at the time of her hearing and had worked as an

optometric assistant and then as a teacher's assistant. She claims disability based on several

ailments, including chronic headaches, spinal stenosis, and fibromyalgia. She has received

injections for pain and has tried various medications, including Tramadol, which she reports do

not help.

Claimant also sought chiropractic care from Bruce Burkhart, D.C. At her first

appointment on December 3, 2010, which was also the date she last worked, Claimant reported

lower back pain, neck and upper shoulder pain, and migraine headaches with blurred vision. (R.

4

238.) On December 7, Dr. Burkhart signed a note indicating that Claimant should remain off work until further notice. (R. 247.) On December 10, he indicated she should remain off work for another ten days, until December 20, 2010. (R. 248.) On February 8, 2011, Dr. Burkhart reported that he had treated Claimant five times in December and opined that she was "unable to work due to neck pain, headaches, [and] low back pain with radiating bilateral leg pain." (R. 242.) On that form and again on April 7, 2011, he opined that Claimant had been "totally disabled" since December 15, 2010. (R. 239, 242.)

In her denial of benefits, the ALJ referenced Claimant's chiropractor just once, as follows: "The claimant went to a chiropractor for her complaints in late 2010 and 2011. She reported that her neck/scalp was very tight." (R. 31.) The ALJ did not mention claimant's neck and shoulder pain, headaches, or low back pain. More importantly, she did not refer to Dr. Burkhart's opinions stating that Claimant should or could not work. Claimant argues that this omission is an error requiring remand. The Commissioner responds that the omission was, at most, harmless error, in part because Social Security regulations do not include chiropractors among the "acceptable medical sources" whose opinions establish the existence of a medically determinable impairment. 20 C.F.R. § 404.1513(a). While this is true, the regulations also provide that, as "other medical sources," chiropractors can provide evidence to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. § 404.1513(d); SSR 06-03p. An ALJ should weight the opinions of these "other medical sources" by considering the same set of regulatory factors that they would for any other source. *Phillips v. Astrue*, 413 Fed.Appx. 878, 884 (7th Cir. 2010.) Those factors include the length, nature, and extent of the treatment relationship; the frequency of examination; the types of tests, if any, performed; and the consistency and supportability of the opinion. SSR 06-03p; *Scott v. Astrue*, 647 F.3d 734,

741 (7th Cir. 2011.) "In deciding how to weigh the opinions of 'other sources,' including chiropractors, ALJs have more discretion than they do with the opinions of physicians." *Fieldhouse v. Colvin,* 2016 WL 3027830 (N.D. Ill. May 27, 2016). This does not, however, include the discretion to ignore those opinions entirely. 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.") Therefore, the ALJ clearly erred in failing to mention or consider in any way the chiropractor's opinions.

Still, the Commissioner contends that the omission of the chiropractor's opinion is ultimately harmless because the opinions state only that Claimant cannot work due to her impairments, without specifying which job-related specific activities are compromised. [ECF No. 22 at 6–7.] Although it is true that the question of whether Claimant can work ultimately is an issue reserved for the Commissioner, and the ALJ need not give any "special significance" to opinions on such issues, she is bound to consider them in assessing a claimant's RFC. *Roddy v. Astrue,* 705 F.3d 631, 638 (7th Cir. 2013). The Commissioner also argues that the chiropractor's opinions are inconsistent with other medical evidence. Even if this were the case, it is the duty of the ALJ, not the Court, to assess and resolve any conflicts in the evidence; the role of the Court is to review the ALJ's assessments. *See Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004). The ALJ must assess the chiropractor's opinions on remand.

### B. The ALJ Did Not Explain How She Assessed Claimant's Headaches in Her RFC Assessment

Claimant argues that the ALJ also erred by omitting any consideration of her headaches from the RFC assessment. The Court agrees. Pain management doctor Yasemin Ozcan, M.D. made note of Claimant's chronic headaches on June 1, 2010. (R. 50, 221.) On December 3, 2010, Claimant reported to her chiropractor that she was experiencing headaches with blurred vision, and her chiropractor later referred to her headaches when he opined that she could not

work. (R. 238–39, 242). On June 15, 2011 she reported to consultative examiner M.S. Patil, M.D. that she had a four to five year history of headaches, worsening in the previous year, for which she was taking Tramadol; Dr. Patil noted "history of migraine headaches" on a list of diagnostic impressions. (R. 276, 279.) Claimant reported having a headache when she visited podiatrist Dr. Braun on September 2, 2011. (R. 295.) On November 17, 2011, her primary care physician noted that she had a history of severe headaches three to four times a month, lasting a few days each. (R. 306.) In her hearing testimony on May 15, 2012, when asked why she had left her last job, she explained, "I get these headaches to where I just—I can't focus, I can't concentrate." (R. 51, 53.) She testified that her headaches reach a pain level of seven to ten out of ten, can last two to four days, have grown more frequent in the past three to four years, and do not have any particular triggers. Medications have not yet helped. (R. 54–56.) She also testified that her headaches blur her vision "quite a bit." (R. 67.)

In the following exchange, the ALJ questioned Claimant about how she manages her headaches:

Q:    Okay. All right. And what do you do when you get one of your headaches?

A:    I just kind of retreat. I just make sure everything's off in the house, and –

Q:    Okay. Do you have to, like, lay in a dark room or anything like that?

A:    Sometimes I –

Q:    Okay. Now, [new question.]

(R. 55.) The ALJ did not then, or later in the hearing, allow Claimant to finish her interrupted explanations about what she means by "retreat," and whether that involves lying down in a dark room or some other activity Claimant also never completed her explanation. Incomplete testimony is particularly troubling where, as here, a claimant has no counsel present at the

hearing. *See Nelson v. Apfel,* 131 F.3d 1228, 1235 (7th Cir. 1997) (When a claimant is unrepresented by counsel in a Social Security hearing, "the ALJ has a duty to scrupulously and conscientiously probe into, inquire, and explore for all relevant facts.") (internal citation omitted).

The ALJ failed to explain how she analyzed the evidence about Claimant's headaches in assessing her RFC. The ALJ did acknowledge headaches among Claimant's severe impairments at step two of her analysis, which means that she found the headaches impose significant limits on her ability to perform work activities. *See Moon v. Colvin,* 763 F.3d 718, 720 (7th Cir. 2014), (as amended on denial of reh'g (Oct. 24, 2014)). But the opinion contains no further explanation of what specific limitations the ALJ believes would flow from Claimant's headaches. The ALJ provided a summary of Claimant's testimony and noted that "a history of migraine headaches" was included in the impressions of examining consultant Dr. Patil. But the ALJ did not discuss the notations about Claimant's headaches in the treatment notes of Claimant's primary care physician, pain management doctor, podiatrist, and chiropractor. She later made a generally poor assessment of Claimant's credibility, without reference to her testimony about her headaches in particular. (R. 32–33.)

It is unclear from any of this analysis how Claimant's headaches are reflected in the ALJ's RFC assessment, which allows for a limited range of sedentary work with no more than occasional exposure to noise, vibration and hazards. The ALJ has not indicated which, if any, of those restrictions are meant to reflect the impairment caused by Claimant's headaches. *See Moore v. Colvin,* 743 F.3d 1118, 1127–28 (7th Cir. 2014) (A "reviewing court should not have to speculate as to the basis for the RFC limitations.") The RFC assessment does not reflect any potential for decreased concentration due to headaches, which Claimant testified caused her to

leave her last job, or account for any potential absenteeism. In sum, by referring to Claimant's headaches as a "severe impairment" without clearly indicating what limitations they impose, the ALJ has left an impermissible gap in her reasoning, which must be filled in on remand.

## C.   Other Matters

Because this case requires remand to correct the above-discussed errors in the evaluation of opinion evidence and the assessment of Claimant's RFC, the Court will not evaluate Claimant's remaining arguments in detail at this time. However, on remand, the ALJ must re-evaluate the intensity and persistence of Claimant's symptoms in light of the Administration's recent Policy Interpretation Ruling regarding the evaluation of symptoms in disability claims. *See* SSR 16-3p, 2016 WL 1119029 (effective March 28, 2016). The new ruling eliminates the term "credibility" from the Administration's sub-regulatory policies to "clarify that subjective symptom evaluation is not an examination of the individual's character." *Id.* at *1. The factors that ALJs must consider in evaluating the intensity, persistence, and limiting facts of an individual's symptoms remain unchanged. *See* SSR 16-3p, 2016 WL 1119029 at 7, citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). One of those factors is the "measures other than treatment and individual uses or has used to relieve pain or other symptoms." *Id.* On remand, the ALJ should allow Claimant to testify fully as to that and other relevant factors, and she should carefully reassess the severity, persistence, and limiting effects of Claimant's symptoms in light of the record evidence, pursuant to the guidance provided by SSR 16-3p and relevant Seventh Circuit law.

## IV. CONCLUSION

For the reasons stated above, Claimant's motion for summary judgment is granted. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 24, 2016