IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER M. CUMMINGS, | ) | |
| | ) | |
| Claimant, | ) | No. 14 CV 10180 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an Application for Attorneys' Fees under the Equal Access to Justice Act [ECF No. 26]. On December 19, 2014, Claimant Jennifer Cummings filed a complaint for judicial review of an administrative decision denying her applications for disability insurance benefits. [ECF No. 1]. On August 24, 2016, this Court issued a Memorandum Opinion and Order remanding this case to the Social Security Administration for further proceedings. [ECF No. 24]. On November 22, 2016, Claimant filed the instant Application for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), seeking attorneys' fees and costs in the amount of $9,232.62.[2] [ECF No. 26], at 4. On December 22, 2016, the Commissioner filed a response arguing that Claimant should receive a lower award. [ECF No. 32]. On December 28, 2016, Claimant filed a reply seeking the amount stated in her

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25, Colvin is automatically substituted as the defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Claimant sought $8,680.62 in attorneys' fees, $152.00 in legal assistant fees, and $400.00 in filing fees. [ECF No. 26-3].

Application and an additional $588.84 for preparing the reply brief, for a total request of $9,821.46 in fees and costs. [ECF No. 33], at 6. This matter is ripe for decision.

The EAJA provides that a court shall award reasonable attorneys' fees and costs to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)).[3] In this case, it is uncontested that Claimant filed the instant application for attorneys' fees in a timely manner and that Claimant is a prevailing party because the Court reversed and remanded the Commissioner's decision in its August 24, 2016 Memorandum Opinion and Order [ECF No. 24]. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993); *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011).

"A court should exclude from the fee calculation hours that were not reasonable expended." *Ruiz v. Colvin*, 2016 WL 2908287, at *3 (N.D. Ind. May 18, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotation marks omitted). The claimant bears the burden of proving that hours were "reasonably expended." *Id.* To determine whether a claimant's hours were reasonable, a court considers factors such as the complexity of the case, the number and type of issues raised, and the size of the administrative record. *English v. Colvin*, 2015 WL 5227854, at *4 (S.D. Ind. Sept. 8, 2015). Even when assessing the reasonableness of the hours expended, the "court 'is not in the business of divining why a particular attorney reads or writes at a certain rate of speed in one case and a different rate in

---

[3] In this case, the Commissioner does not argue her position was substantially justified or special circumstances make an award unjust.

2

another.'" *Id.* at *5 (quoting *Delgado v. Astrue*, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012)).

"The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours." *Bohannon v. Colvin*, 2017 WL 192334, at *2 (N.D. Ind. Jan. 18, 2017); *see also Coleman v. Colvin*, 2016 WL 6563485, at *3 (S.D. Ill. Nov. 4, 2016) (citing another case for the proposition that "the 'permissible range'" is "'generally speaking' 40 to 60 hours") (quoting *Schulten v. Astrue*, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010)); *Witt v. Colvin*, 2016 WL 3049568, at *2 (N.D. Ind. May 31, 2016) (citing another case for the same proposition); *Trump v. Colvin*, 2015 WL 970111, at *4 (N.D. Ill. Mar. 2, 2015) (same). Courts "regularly award attorney's fees totaling over 60 hours" when the circumstances of the case justify doing so. *Ruiz*, 2016 WL 2908287, at *3. But they "rarely grant awards that greatly exceed that number." *Embry v. Colvin*, 2015 WL 4720106, at *5 (N.D. Ill. Aug. 4, 2015).

In this case, the number of hours expended by Claimant's attorneys—45.7—falls in the lower half of the standard range. The Court recognizes that, at 327 pages, the administrative record in this case was shorter than is normal. But Claimant's initial brief in support of her motion for summary judgment was 15 pages long and advanced more than a half-dozen arguments. [ECF No. 14]. Claimant's reply brief was 12 pages long and, in responding to the Commissioner's contentions, again addressed more arguments than are normally raised in a Social Security case. [ECF No. 23]. The time that Claimant's attorneys and legal assistants spent on a variety of smaller tasks that advanced this case, such as speaking with Claimant and drafting her EAJA application, does not constitute a significant amount of time and does not appear excessive, duplicative, or frivolous.

The Commissioner raises three arguments that she contends justify reducing Claimant's award. The Commissioner's first argument is that the Court should calculate Claimant's attorneys' fees using the Consumer Price Index ("CPI") for the Chicago region rather than the CPI-All Urban Consumers ("CPI-U"), which Claimant uses. In *Sprinkle v. Colvin*, the Seventh Circuit recognized courts "in this circuit have relied both upon the [CPI-U] . . . and region-specific indices." *Sprinkle v. Colvin*, 777 F.3d 421, 428 n.2 (7th Cir. 2015). The court of appeals chose to "not resolve this split" and left it "to the discretion of the district courts whether to adopt the national or regional index in specific cases." *Id.* Following *Sprinkle*, the courts in this district have not reached a uniform consensus on the issue. *Compare Vasquez v. Colvin*, 2016 WL 687900, at *2 (N.D. Ill. Feb. 19, 2016) *with Fox v. Colvin*, 2016 WL 5402751, at *2 (N.D. Ill. Sept. 26, 2016).

The Commissioner cites three cases in which courts used a regional CPI measure.[4] [ECF No. 32], at 3. In one, the issue was not disputed because the claimant suggested using a regional measure. *Adams v. Colvin*, 2015 WL 1780144, at *2 (N.D. Ind. Apr. 20, 2015). In another, this Court decided without analysis, in a two-sentence footnote, to use the Chicago—Gary—Kenosha regional CPI-U. *Trump*, 2015 WL 970111, at *3 n.3. In the final cited case, the court said "district courts have utilized the regional index" in "the few published decisions in this Circuit since the *Sprinkle* decision" and then cited *Adams* and *Trump*. *Vasquez*, 2016 WL 687900, at *2.

In a 2013 decision, this Court analyzed the CPI issue and decided to use a national CPI measure. *Rodriguez v. Colvin*, 2013 WL 5221335, at *2–3 (N.D. Ill. Sept. 16, 2013). Recently, other courts in this circuit have done the same. *See, e.g., Ruiz*, 2016 WL 290828, at *2; *Monk v.*

---

[4] The Commissioner asserts that "the monthly CPI adjusted rate for the Chicago region is the rate most relevant to [Claimant's] compensation for the legal worked performed in this case." [ECF No. 31], at 3. Beyond citing the three cases discussed above, however, the Commissioner does not explain why that measure is more relevant.

4

*Colvin*, 2016 WL 4445659, at *3 (N.D. Ind. Aug. 23, 2016). Often, courts that adopt a national CPI measure do so in significant part because a national measure results in a fee award that "is more in line with the prevailing market rate." *Seefeldt v. Colvin*, 2016 WL 5793683, at *2 (E.D. Wis. Sept. 30, 2016); *see also Fox*, 2016 WL 5402751, at *3 ("Moreover, plaintiff's argument that we should use the index that results in an hourly rate that comes closest to approximating the prevailing market rate is not an unreasonable one."); *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1083–89 (S.D. Cal. 2005). The Court finds this rationale persuasive. Therefore, based on the arguments before it today, the Court is not convinced that using the regional CPI is a better approach.[5]

The Commissioner's second argument is that the Court should reduce the attorney time for which it awards fees. In her Application, Claimant sought fees for 45.7 hours of attorney time. The Commissioner argues she should receive fees for only 35 hours. The Commissioner identifies two bases for her challenge to claimant's hours. The first is that three attorneys worked on this case for Claimant. The itemization provided by Claimant reflects that one of her attorneys (Ms. Coen) performed the vast majority of the work on Claimant's case. A second attorney (Mr. Marvin) spent only 1 hour reviewing and editing Claimant's initial brief, and a

---

[5] In calculating her attorneys' fees, Claimant used the April 2015 CPI-U for all of the attorneys' hours, rather than using the CPI-U for the month in which the work was performed. The Commissioner does not object to this. The Court notes that, during 2014 and 2015, Claimant's attorneys performed work in 5 months other than April, 2015, and that the CPI-U was higher in four of these months than it was in April, 2015. [ECF Nos. 26-1; 26-3]. During December, 2014, the only month when the CPI-I was lower, Claimant's attorneys performed only 0.1 hours of work. [ECF Nos. 26-1; 26-3]. Claimant did not submit CPI-U data for the months during 2016 when her attorneys performed work related to her Application. Again, the Commissioner does not argue Claimant's reliance on the April 2015 CPI measure inflated her 2016 attorneys' fees. Further, the Court's review of the relevant database, which Claimant cited in her Application, indicates that the CPI-U rates during the relevant months of 2016 were higher than the rate during April, 2015. Therefore, because Claimant's use of the CPI-U from April, 2015, reduced rather than increased her attorneys' fees, the Court will accept Claimant's blanket use of that rate in calculating her attorneys' fees.

5

third (Mr. Schultz) spent just 1.1 hours reviewing and editing Claimant's reply brief.[6] In this case, the Commissioner has not argued that the work performed by Mr. Marvin and Mr. Schultz was duplicative or frivolous. Instead, the Commissioner only contends their participation in the case "required that several different people develop familiarity with the case." [ECF No. 32], at 5.

"[C]ourts have long recognized the propriety of billing for junior and senior attorney hours in EAJA fee requests . . . ." *Witt*, 2016 WL 3049568, at *3. "'[R]eview by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court.'" *Id.* (quoting *Kinsey-McHenry v. Colvin*, 2014 WL 1643455, at 3 (N.D. Ind. April 23, 2014)); *see also Ruiz*, 2016 WL 2908287, at *4. In this case, the two supervising attorneys each spent roughly one hour reviewing long briefs that advanced multiple arguments supported by case law and record citations. Despite the Commissioner's concern about having multiple attorneys develop familiarity with the case, there is no indication the supervising attorneys did anything of significant other than review drafts and make final edits. Claimant is not trying to stick the Commissioner with a bill for having three different attorneys pore over the administrative record and lengthy or complex precedents. Therefore, the Court finds the time spent by Mr. Marvin and Mr. Schultz to be reasonable.

The Commissioner's second basis for challenging Claimant's hours is that "the issues in the case were not novel or unique." [ECF No. 32], at 6. Many courts in this circuit have explained that "'most social security cases do not present particularly complex legal issues, but that does not mean that providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why

---

[6] Mr. Schultz also performed worked before this case was filed and after the Court's Memorandum Opinion and Order was issued. [ECF No. 26-3]. This work took less than two hours and the Commissioner does not dispute the reasonableness of it.

those oversights are material to the outcome does not take time.'" *Monk v. Colvin*, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (quoting *Martinez v. Astrue*, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012)). In light of the Court's previous discussion of the reasonableness of the hours worked by Claimant's attorneys, the Commissioner's undeveloped assertion with respect to complexity does not justify the reduction it seeks.

The Commissioner's final argument is that any award must be made payable to Claimant under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). [ECF No. 32], at 6. *Ratliff* does not demand that an award be made payable to a claimant in every case. *See Trump*, 2015 WL 970111, at *6 ("Any EAJA fees awarded shall be made payable directly to Claimant's attorney pursuant to the assignment of fees in Claimant's fee agreement with his counsel."). "[T]he Seventh Circuit has interpreted *Ratliff* to hold that 'if there is an assignment [by the litigant of a prospective fee award to his attorney], the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer.'" *Russell v. Astrue*, 2014 WL 1301942, at *4 (N.D. Ill. Mar. 31, 2014) (quoting *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421).

In this case, the retainer and fee agreement submitted by Claimant with her Application states, "Client agrees that these fees be payable to Mr. Shultz directly and assigns said EAJA fees to Mr. Schultz." [ECF No. 26-2]. There is no indication Claimant owes a pre-existing debt to the United States. Instead, the Commissioner only says Claimant might owe such a debt and implies the Commissioner has not yet checked to see whether that is the case. *See* [ECF No. 32], at 7 ("If the court enters an award of EAJA fees in this case, [the Commissioner] will determine whether [Claimant] owes a pre-existing debt to the United States.") When the Commissioner

provides no more than speculation "that there may be an outstanding debt," the "majority of judges in this district" order the Commissioner to pay fees directly to the claimant's counsel if there is an assignment of the fee award. *Booker v. Colvin*, 2013 WL 3013648, at *1 (N.D. Ill. June 17, 2013). Therefore, the Court rejects the Commissioner's third argument unless she can verify that Claimant owes a pre-existing debt to the government that is subject to off-set.[7]

Before closing, the Court turns to Claimant's supplemental request for fees in her reply brief. Claimant states that her attorney "spent 3.1 hours drafting this EAJA reply, including review of [the Commissioner's] EAJA response, review of the case law cited by the Commissioner, doing legal research in order to reply to the Commissioner's assertions, and drafting the Reply brief." [ECF No. 33], at 6. Claimant has not submitted more detailed information related to her request for the additional $588.84. And, of course, the Commissioner has not addressed Claimant's supplemental request. Nonetheless, the court finds 3.1 hours is a reasonable amount of time for Claimant's attorney to have spent on the roughly 5-page reply brief, which laid out well-developed responsive arguments and supported them with case law.[8]

For all of these reasons, the Court grants Claimant's Application for Attorneys' Fees under the Equal Access to Justice Act [ECF No. 26] and awards her $9,821.46 in attorneys' fees and costs.

---

[7] The Court recognizes that Claimant's failure to address in her reply brief might permit the Court to grant the Commissioner's request. *See Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 628 (N.D. Ill. 2012).

[8] Claimant's initial brief appears to be essentially a form brief, with a small amount of information changed for each case, as Claimant's counsel spent only 0.3 hours drafting the 7-page brief. [ECF No. 26-3].

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 8, 2017